| | |
|---|---|
| 1<br>2<br>3<br>4<br>5 | J. Stephen Roberts, Jr.<br>Federal Defenders of Eastern Washington and Idaho<br>10 N. Post St., Ste. 700<br>Spokane, Washington 99201<br>(509) 624-7606<br><br>Attorneys for the Defendant |

UNITED STATES DISTRICT COURT
DISTRICT OF IDAHO
The Honorable Edward J. Lodge

| | |
|---|---|
| United States of America,<br><br>    Plaintiff,<br>   v.<br><br>Larry Wayne Talley,<br><br>    Defendant. | No. 2:07-CR -179-EJL-6<br><br>**Sentencing Memorandum Re: Supervised Release Revocation Hearing**<br><br>Coeur d'Alene - Idaho<br><br>**March 3, 2015 at 10:30 a.m.** |

Larry Wayne Talley (hereafter "Mr. Talley") submits the following Sentencing Memorandum and attached exhibits in support of the supervised release revocation hearing currently scheduled on March 3, 2015 in Coeur d'Alene, Idaho. For the reasons that follow, Mr. Talley respectfully requests that the Court sentence him to time served, followed by fifty-nine months of supervision, on the three violations outlined in the petition dated April 11, 2013. *See* ECF No. 579.

**Sentencing Memorandum Re: Supervised Release Revocation Hearing**

1

## BACKGROUND

On May 5, 2008, the Hon. Howard D. McKibben, Senior United States District Judge, sentenced Mr. Talley (then age 19) to 78 months of incarceration and five years of supervised release, based on his guilty plea to one count of Conspiracy to Possess with Intent to Distribute Methamphetamine. *See* Judgment, ECF No. 550. The Court also ordered the federal sentence to run concurrent to Mr. Talley's concomitant state prosecution, where he pled to Possession of Methamphetamine with Intent to Deliver. *Id.*; *see also* Presentence Investigation Report ("P.S.R.") at ¶ 53. On the state charges, Mr. Talley received a sentence of three to seven years (indeterminate) on November 20, 2007. P.S.R. at ¶ 53.

In early November of 2014, while on-call as the "duty attorney," undersigned counsel received a call from Julie Howe. Ms. Howe described herself as the mother of one of Mr. Talley's friends. She also described how she and her family had assumed the role of Mr. Talley's advocates. *See* Exhibit A – Julie Howe Letter to the Court dated February 22, 2015. [1] Ms. Howe described Mr. Talley as "bright" and full of potential, despite his

---

[1] Exhibit A also contains other letters of support on behalf of Mr. Talley.

**Sentencing Memorandum Re: Supervised Release Revocation Hearing**

2

difficult upbringing (drug addicted mother and father serving a life sentence for second degree murder), and multiple convictions involving distribution of methamphetamine. She described how Mr. Talley, who had been detained in state custody since April 4, 2013, had exhausted all programming and options available to him – as a result of the yet discharged April 11, 2013 petition outlining three supervised release violations.

Ms. Howe wanted to know if it was possible to help Mr. Talley remove the federal detainer. She related that although Mr. Talley was classified as a "minimum" security risk in the Idaho Department of Corrections ("Idaho D.O.C."), the federal detainer elevated Mr. Talley's classification level to "medium." *See* Exhibit B – Idaho D.O.C. Reclassification dated December 1, 2014.

At the time of Ms. Howe's initial phone call, Mr. Talley was in the custody of the Idaho D.O.C., serving a 7-year sentence (5 years mandatory minimum + 2 years indeterminate) on a state conviction out of Kootenai County, Idaho for Trafficking in Methamphetamine. *See* Exhibit C – State Court Judgment and Minutes dated July 31, 2013. This conviction forms the basis for the underlying alleged violations outlined in the pending Petition.

Through the request of undersigned counsel, the Government agreed

**Sentencing Memorandum Re: Supervised Release Revocation Hearing**

to writ Mr. Talley back into federal custody on December 1, 2014, to address the violations from 2013 and the federal detainer issue. On January 21, 2015, Mr. Talley made his initial appearance on petition before the Hon. Candy W. Dale, and waived his right to both a preliminary and detention hearing. Mr. Talley has been incarcerated at the Bonner County Jail, and in federal custody, since January 21, 2015.

## SENTENCING CONSIDERATIONS

Mr. Talley intends to admit the three violations outlined in the petition: (1) commission of a state crime (trafficking in methamphetamine); (2) possession of methamphetamine; and (3) entering a residence where controlled substances were sold. Thus, the purpose of this memorandum is to assist the Court in fashioning as sentence that is "sufficient but not greater than necessary" to achieve the statutory purposes of sentencing upon revocation. *See* 18 U.S.C. §§ 3553(a), 3583(e), and 3584.

### A. Applicable Law Re: Supervised Release Revocation

In imposing a sentence for a violation of supervised release, a court may consider eight of the ten sentencing factors listed in § 3553(a). *United States v. Miqbel*, 444 F.3d 1173, 1181-83 (9th Cir. 2006); *see also* 18 U.S.C. § 3583(e). One factor, however, a court may not consider is § 3553(a)(2)(A) – the

**Sentencing Memorandum Re: Supervised Release Revocation Hearing**

4

need for the sentence to reflect the seriousness of the offense, promote respect for the law, and provide just punishment. *Miqbel*, 444 F.3d at 1181-82. In *Miqbel*, the Ninth Circuit concluded that a sentencing court may not punish a defendant for committing new criminal conduct in a revocation proceeding. *Id.* at 1182. The Circuit reasoned that punishment for any new criminal conduct, if any, must be imposed in a separate criminal proceeding. *Id.*; *see also United States v. Simtob*, 485 F.3d 1058, 1063 (9th Cir. 2007) (a district court "may not impose a revocation sentence *solely*, or even primarily, based on new criminal offense underlying the revocation.").

Additionally, Mr. Talley recognizes that the Court must consider the applicable United States Sentencing Guidelines ("U.S.S.G." or "Guidelines"). Mr. Talley also notes that although the Guidelines strongly encourage that sentences for supervised release violations should be served consecutively to other sentences (according to U.S.S.G. § 7B1.3(f)), a district court has discretion to impose either a concurrent or consecutive sentence after considering the relevant § 3553(a) factors. *United States v. Steffen*, 251 F.3d 1273, 1278 (9th Cir. 2001).

In Mr. Talley's case the resultant guideline range is 37-46 months custody, followed by 60 months (minus any term of custody imposed) of

**Sentencing Memorandum Re: Supervised Release Revocation Hearing**

supervised release. ECF No. 606 at 4-5. These calculations are based on a Criminal History Category of IV and a Grade "A" violation. *Id.*; *see also* Petition, ECF No. 579.

### B. Mr. Talley's Transition to Supervision.

After five years of state and federal time served at FCI Sheridan, Mr. Talley transitioned back into the community in June of 2012. He spent approximately 7 months at the Port of Hope and in January of 2013 moved back in with his grandparents, who reside in Rathdrum, Idaho.

At that time, Mr. Talley committed himself to finding employment. In fact, he found three jobs and was working 70+ hours a week. These jobs included positions at: (1) GuestHouse Inn, (2) Wendy's Restaurant, and (3) Center Partners. At the GuestHouse Inn, Mr. Talley worked in housekeeping and customer service and excelled at his position there. *See* Exhibit D – Terri Pease letter dated July 23, 2013. Mr. Talley also worked at Wendy's Restaurant, and was a "model employee," as described by the Assistant Manager. *See* Exhibit D – Alex Ward letter dated July 18, 2013. Finally, Mr. Talley worked at Center Partners, a call center that serviced T-Mobile customers. In April of 2013, Mr. Talley was promoted to management at Center Partners. *See* Exhibit D – Thomas Johnsen email dated July 12, 2013.

**Sentencing Memorandum Re: Supervised Release Revocation Hearing**

6

Around the April 2013 time period, Mr. Talley quit his job at Wendy's, to devote more time to Center Partners, yet continued to supplement his income by waiting tables at his grandparents' restaurant, Granny's Pantry in Rathdrum, Idaho.

During this ten-month period, Mr. Talley also obtained his driver's license, purchased a vehicle, and maintained automobile insurance. *See* Exhibit A – Montie Readel (Mr. Talley's Grandmother's) letter. Additionally, Mr. Talley sent monies and took out a car title loan to ensure both his mother (who resided in Kansas) and his father (who remains incarcerated in Missouri), received financial support with what little extra he could offer them. *Id.*; *see also* Exhibit A – Billy W. Talley letter dated June 24, 2013.

As the Court can see, and what is evident to all those who encountered Mr. Talley during his 10 months in the community – Mr. Talley left a lasting impression on those who crossed his path and was a person any one of us would have been proud to employ or call a friend.

### C. The Phone Call that Changed Everything

At about the eight month mark of his supervision, Mr. Talley received a phone call that would dramatically alter the course of his life. The caller was a former jail acquaintance and inquired if Mr. Talley wanted to get back

**Sentencing Memorandum Re: Supervised Release Revocation Hearing**

7

into selling drugs. Mr. Talley immediately declined the offer, citing the fact that he was doing well, working three jobs, and not into "that lifestyle" anymore. As fate would have it, however, Mr. Talley did not delete the number from his cell phone.

While things on the employment front were busy, Mr. Talley struggled to make ends meet and provide financially for both his mother and brothers (all living in Kansas), and his father. His mother is a drug addict who often called to report that she was homeless and could not pay the utilities or rent. Mr. Talley never once refused to help his family – never once said no to the idea of lending his mother or father $50-100 when he could, including putting a title loan on his car.

After struggling financially for 2-3 weeks, Mr. Talley called the number back in mid-March of 2013. For a two-week period he began selling drugs again. He told himself it was only temporary . . . just to make ends meet.

On April 3, 2014, Mr. Talley was arrested while exiting an apartment while on his way to work at Center Partners. He was dressed in a suit and tie, but detained for initial questioning by Kootenai County Sheriff's department, as they sought to arrest another individual on a probation violation who

**Sentencing Memorandum Re: Supervised Release Revocation Hearing**

8

resided in the apartment under surveillance. After only two weeks on the street selling small quantities of methamphetamine Mr. Talley found himself again behind bars.

Mr. Talley then pled guilty to one count of Trafficking in Methamphetamine and was sentenced on July 31, 2013. *See* Exhibit C – Judgment and Minutes. Kootenai County District Judge John T. Mitchell sentenced Mr. Talley to the 5 year mandatory minimum, plus 2 years (indeterminate). *Id.* Judge Mitchell also imposed a **$15,000 fine**. *Id.* (emphasis added). Mr. Talley's projected sentence satisfaction date is April 4, 2020. *See* Exhibit E – Idaho D.O.C. – Offender Search Details.

Notably, although he could have imposed additional custody (and run such time consecutively) Judge Mitchell did not impose any additional time as a result of Mr. Talley's parole violation from the underlying 2006 Idaho case. *See* Exhibit C at 30. In fact, it is clear from the brief summary of the minutes at Mr. Talley's state sentencing, that, but for the mandatory minimum, Judge Mitchell may have imposed less time. *Id.* at 33.

### D. History and Characteristics of Mr. Talley

Mr. Talley was last before this Court at age 19. Today, he is age 26. With the exception of the 10 month period from June of 2012 to April of 2013,

**Sentencing Memorandum Re: Supervised Release Revocation Hearing**

9

Mr. Talley has been incarcerated his entire adult life. That is a staggering statistic, however, to say that Mr. Talley is not worthy of another chance is contradictory when faced with the mountain of evidence that Mr. Talley has the both the potential and ability to re-integrate himself back into society.

Mr. Talley grew up in Kansas. As a result of his mother's drug habits, he experienced bouts of extreme poverty and homelessness. At an early age Mr. Talley and his three brothers were in and out of foster care. Additionally, his father was convicted of second degree murder in 1995, and sentenced to life in prison in Missouri (at the time Mr. Talley was age 7). Mr. Talley has not seen his immediate family since 2007.

Despite all of these adversities, Mr. Talley graduated high school after coming to live in Rathdrum, Idaho, where he resided with his maternal grandparents at age 17. Mr. Talley is the only person in his immediate family to have graduated from high school. Not only to graduate, but Mr. Talley graduated with excellent grades and was well-liked by this teachers and peers.  Mr. Talley's past, however, also caught up with him as he fell in with the wrong crowd and used Methamphetamine from age 13-18. That said, Mr. Talley has not used controlled substances in over eight years, since 2007, when he was taken into custody on the instant state and federal offenses.

**Sentencing Memorandum Re: Supervised Release Revocation Hearing**

10

Mr. Talley's efforts to juggle the responsibilities of life, work, and family came crashing down in April of 2013. Mr. Talley now realizes that what he should have done was asked for help. He realizes now that he had a support system in place, but could not reach out and grab that life-line. The Court must take into account Mr. Talley's youth and background, in fashioning a sentence – a sentence that should permit Mr. Talley to move forward over the next five years and allow him to hopefully transition back into the community with more education obtained while incarcerated.

### E. Mr. Talley Can Succeed if Given the Chance

Mr. Talley is asking this Court to impose a sentence of time served. The reason is because any sentence imposed either consecutively or concurrently will be served with a federal detainer and prevent Mr. Talley from receiving any additional programming, education, or work-related opportunities.

Since transitioning to Idaho D.O.C. in August of 2013, Mr. Talley has taken advantage of every opportunity presented to him. First, he obtained a Computer Literacy certificate on July 17, 2014. *See* Exhibit F – Certificate of Achievement dated April 16, 2014. In addition, as a part of the intermediate computer literacy program, Mr. Talley took math classes through "Con

**Sentencing Memorandum Re: Supervised Release Revocation Hearing**

11

Academy." *Id.* Finally, he took advantage of a career resources class also offered in April of 2014, where he learned to build a resume, network, and participate in mock interviews.

Based on Mr. Talley's non-violent past, he is classified by Idaho D.O.C. as a "minimum" security risk. *See* Exhibit B. His updated reclassification sheet, however, shows his custody level at "medium." *Id.* In an effort to figure out all of the options available to him if the federal detainer were lifted, Mr. Talley reached out through his Idaho State Correctional Counselor Christina Kearney. *See* Exhibit G – Christina Kearney email chain dated December 8, 2014. Finally, if the pending federal detainer were removed, Mr. Talley would be eligible for correspondence courses and could begin a college degree.

As it stands right now – Mr. Talley is unable to do any of those things and has exhausted all programming and classes that are available to an offender at the "medium" security level.

Mr. Talley is asking the Court to impose time served, not to escape liability for what he has done – breaching the Court's trust – but to better and improve himself over the next five-year period in Idaho State Custody.

///

**Sentencing Memorandum Re: Supervised Release Revocation Hearing**

### F. The Sentence Proposed is not Extraordinary

Finally, should the Court find Mr. Talley's request for time served extraordinary, undersigned counsel attended a supervised release revocation hearing with almost identical facts on February 25, 2015. *See United States v. Scott M. Fraser*, Case No. 2:06-CR-00076-LRS (E.D. Wash), ECF Nos. 90, 91. In that case, the offender committed new state charges while under federal supervision and was sentenced to 12 years on the new state offense. *Id.* Senior United States District Judge Lonny R. Suko, then gave the defendant time served, despite a Guideline Range of 30-37 months. *Id.* The reason for doing so was to avoid a federal detainer during the defendant's state time, which it was determined applied regardless of whether the time ran concurrently.

Likewise, if the Court gives Mr. Talley additional time, either concurrent or consecutive, he will serve the remaining five years in Idaho D.O.C. with a federal detainer at the "medium" custody level and not be eligible for any educational, vocational, or transitional programming. In essence, such as sentence amounts to a message that Mr. Talley is not worthy of any more opportunities to better himself or lacks the ability to release back into the community as a productive member of society.

**Sentencing Memorandum Re: Supervised Release Revocation Hearing**

13

Allowing Mr. Talley this opportunity will also permit him the ability to pay back the $15,000 fine imposed by the state of Idaho in 2013. With a federal detainer, Mr. Talley will be unable to earn any money in a work camp or re-integration work program.

Mr. Talley has shown the Court he knows the nature of hard work. Mr. Talley has shown the Court he is capable of taking advantage of the opportunities afforded to him during his most recent stint of incarceration. Mr. Talley has shown the Court that he is compassionate to a fault – despite his family circumstances. Now he asks the Court to give him the opportunity to take the next step forward in his education, and not spend the next five years of his life idle – when he is capable of so much more.

### G. Adequate Deterrence and Protection of the Public

Mr. Talley resumed dealing drugs for a two-week period and was almost immediately apprehended. The system worked. If the Court sentences Mr. Talley to time served, he will be on federal supervision for an additional term of five years (minus custody imposed). Mr. Talley will also be under state supervision. The public will be adequately protected. Moreover, any additional term of incarceration is unlikely to deter Mr. Talley. He has

**Sentencing Memorandum Re: Supervised Release Revocation Hearing**

14

already spent his entire adult life incarcerated, yet he has never given up on improving himself. The Court should not do so either.

## CONCLUSION

Based on the foregoing, Mr. Talley respectfully requests that the Court take into the consideration the information and exhibits submitted in this memorandum and allow him the opportunity to move forward, without a federal detainer in place, during the remainder of his state sentence. Mr. Talley requests that the Court sentence him to time served, followed by an approximately 5 year term of supervision.

Dated: March 2, 2015

                                                    Respectfully Submitted,

/s/ *Steve Roberts*
J. Stephen Roberts, Jr., WA 45825
Attorneys for Wayne Talley
Federal Defenders of
Eastern Washington and Idaho
10 N. Post St., Ste. 700
Spokane, Washington 99201
(509) 624-7606
(509) 747-3539
Email: Steve_Roberts@fd.org

**Sentencing Memorandum Re: Supervised Release Revocation Hearing**

# CERTIFICATE OF SERVICE

I hereby certify that on March 2, 2015, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following: NANCY D. COOK, Assistant United States Attorney.

/s/ *Steve Roberts*
J. Stephen Roberts, Jr., WA 45825
Attorneys for Wayne Talley
Federal Defenders of
Eastern Washington and Idaho
10 N. Post St., Ste. 700
Spokane, Washington 99201
(509) 624-7606
(509) 747-3539
Email: Steve_Roberts@fd.org

**Sentencing Memorandum Re: Supervised Release Revocation Hearing**